UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv631-FDW

| WALTER TIMOTHY GAUSE, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER |
| FRANK L. PERRY, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner's six pro se motions pursuant to Federal Rule of Civil Procedure 60(b). (Doc. Nos. 73-78.)

I. **RELEVANT PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina who, on February 20, 2014, was convicted by a jury in Mecklenburg County Superior Court of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. State v. Gause, 772 S.E.2d 265, 2015 WL 1529828, at * 1-2 (N.C. Ct. App. 2015) (unpublished). The trial court sentenced Petitioner to consecutive active sentences of 146–185 months imprisonment for the robbery and conspiracy convictions, and 59–80 months for the assault conviction. Id. at *2. Judgment was entered on February 21, 2014.

The North Carolina Court of Appeals denied Petitioner's direct appeal, in part, but vacated the trial court's order on restitution and remanded that issue to the trial court for hearings. Id. at *7. The North Carolina Supreme Court subsequently denied Petitioner's petition for discretionary review. State v. Gause, 776 S.E.2d 858 (N.C. 2015) (Mem).

After pursuing post-conviction relief in the state courts, Petitioner filed a Petition for Writ

1

of Habeas Corpus, 28 U.S.C. § 2254, in this Court, claiming the State violated his right to a speedy trial and the trial court erred in denying his motion to dismiss based upon the pre-trial destruction of most of the physical evidence in his case. (Doc. No. 1.) Respondent filed a Motion for Summary Judgment. (Doc. No. 13.)

On February 13, 2017, the Court entered an Order granting Respondent's Motion for Summary Judgment and denying and dismissing the Petition for Writ of Habeas Corpus. (Doc. No. 49.) The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. (Doc. Nos. 70, 72.)

Petitioner has filed six motions for relief from judgment pursuant to Rule 60(b)(3), (b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 73-78.) For the reasons that follow, these motions shall be dismissed.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a federal judgment, such as mistake, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b)(1)-(3). The Rule concludes with a catchall category providing that a federal court may lift a judgment for "any other reason that justifies relief." Id. at Rule 60(b)(6).

Rule 60(b) applies to § 2254 proceedings but only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rules Governing Section 2254 Cases in the United States District Courts, Rule 12, 28 U.S.C. foll. § 2254. Among the statutory provisions governing § 2254 proceedings are those that expressly limit a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. See e.g. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application.").

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)). On the other hand, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." McRae, 793 F.3d at 397 (internal quotation marks omitted).

None of Petitioner's, largely repetitive, Rule 60(b) Motions challenge a defect in the integrity of his federal habeas proceedings. Instead, Petitioner attacks the substance of this Court's resolution of the Petition on the merits, reargues points he raised in his habeas Petition, or raises new claims. The Motions are, therefore, not true Rule 60(b) motions, but rather successive habeas petitions subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications. See McRae, 793 F.3d at 397. Because Petitioner has not obtained the necessary permission from the Fourth Circuit to file a successive § 2254 habeas petition, his motions must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6) (Doc. No. 73) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

2. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6) (Doc. No. 74) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

3. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6) (Doc. No. 75) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

4. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6) (Doc. No. 76) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

5. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6) (Doc. No. 77) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

6. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6) (Doc. No. 78) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition; and

7. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 12, 2018

Frank D. Whitney
Chief United States District Judge