UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-631-FDW

| | |
|---|---|
| WALTER TIMOTHY GAUSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion filed on May 21, 2020 (Doc. 82), which this Court construes as a motion seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60.

**I.     PROCEDURAL BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who was convicted on February 20, 2014 in Mecklenburg County Superior Court of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. State v. Gause, 772 S.E.2d 265, 2015 WL 1529828, *1-2 (N.C. Ct. App. 2015)(unpublished). Petitioner was sentenced to consecutive active sentences of 146-185 months imprisonment for the robbery and conspiracy convictions, and 59-80 months for the assault conviction. Id. at *2.

Following his pursuit of post-conviction relief in state court, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 23, 2016, alleging the State violated his right to a speedy trial and that the trial court erred in denying his motion to dismiss

1

based upon the pre-trial destruction of physical evidence. (Doc. 1). The Court granted Respondent's Motion for Summary Judgment, denying and dismissing the Petition for Writ of Habeas Corpus. (Doc. 49). Petitioner filed a Notice of Appeal, which the Fourth Circuit Court of Appeals dismissed. Gause v. Perry, Appeal No. 17-6249 (4th Cir. September 20, 2017)(Docs. 70, 72).

Petitioner then filed six motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (Docs. 73-78). This Court entered an Order on February 12, 2018 dismissing the motions because they were successive and unauthorized habeas petitions and were not true Rule 60(b) motions. (Doc. 80).

Petitioner now moves this Court once again for relief from judgment pursuant to Rule 60(d)(3). (Doc. 82).

## II. LEGAL STANDARD

Petitioner's motion purports to seek relief under Federal Rule of Civil Procedure 60(d)(3). Federal Rule of Civil Procedure 60(b) permits a court to correct orders and provide relief from judgment under several circumstances. However, a Rule 60(b) motion must be made within a "reasonable time," and in some cases "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Rule 60(d)(3), on the other hand, provides a "savings clause" and permits a court to exercise its inherent equitable powers to set aside a final judgment after one year if the movant provides clear and convincing evidence of "fraud on the court." Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 136 (4th Cir. 2014). However, fraud on the court requires that a litigant show more than ordinary fraud by the opposing party. Id. Application of this rule is generally "limited to situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an

attorney, in which the integrity of the court and its ability to function impartially is directed or impinged.'" Id. (quoting Great Coastal Express, Inc. v. Intl. Brotherhood of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982)).  The litigant must demonstrate that the fraud "not only ... involve[s] an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." Id.

**III. DISCUSSION**

Petitioner alleges that state officials committed constitutional violations and fraud upon the courts, and that the State's evidence against him was inadmissible and fabricated to obtain his conviction by deliberate deception.  Petitioner accuses the State of manufacturing and/or tampering with evidence in order to secure his conviction by fraud.  Petitioner also attempts to raise claims against his appellate counsel for inadequate representation and collusion with the state officials, as well as against trial counsel for failure to object to evidence admitted at trial.

Petitioner's arguments are conclusory and unsupported by sufficient allegations of fact. Petitioner's motion appears to be an attempt to relitigate his previous challenges to his conviction which is inappropriate for a Rule 60 motion.  His motion is therefore untimely and also fails on the merits.  Petitioner fails to set forth allegations of fraud sufficient to support a claim under Rule 60(d)(3) with clear and convincing evidence.  Therefore, Petitioner is not entitled to have his judgment set aside under Rule 60(d)(3).

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Relief from Judgment (Doc. 82) is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Relief from Judgment (Doc. 82) is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**SO ORDERED.**

Signed: March 30, 2021

Frank D. Whitney
United States District Judge